Oh yes, oh yes, oh yes. The Honorable Appellate Court, the District, State of Illinois, is now in session. Their Honorable Justice Cates presiding, along with Justice McHaney and Justice Hackett. The first case this morning is 525-0219, People v. Whiteley. Arguing for the appellant is Jacqueline Wynell. Arguing for the appellee is 711 student Shamil Wyckoff and supervising attorney Thomas Arado. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Yes, sir. Okay, Justice McHaney, are we having some issues? Hara, just fix me up. We're good. Okay, good morning, counsel. Good morning, Your Honors. Good morning, Your Honors. The case has been announced by the clerk. Is the appellant ready to proceed? Yes, Your Honor. All right, you may do so. Good morning, Your Honors, counsel, and may it please the court. My name is Jacqueline Wynell, and I represent Amanda Whiteley. Here, Ms. Whiteley's bench trial began and ended without a jury waiver. The trial court found her guilty before ever even mentioning her constitutional right to a jury trial. It was only after a judgment of guilt had been entered that the trial court asked Ms. Whiteley to confirm that she had waived her right to a jury trial. This was a violation of her constitutional rights. In this case, I'd like to begin by addressing the state's argument made in briefing that Ms. Whiteley waived her right to a jury trial by failing to object when the trial court announced that her case was set for a bench trial. This argument has actually already been considered and rejected by the Illinois Supreme Court. Now, it is true that defense counsel can waive a jury on a defendant's behalf in specific circumstances, but in order for that to apply, defense counsel has to make a statement in the presence of the defendant that the defendant is waiving their right to a jury trial. And then, if the defendant hears that, has a chance to object to that waiver, and then stays silent, then they can be considered to have silently acquiesced and waive their right to a jury trial. But that is not what happens here. Before the bench trial in this case, a jury waiver was never discussed in Ms. Whiteley's presence. No one ever said that Ms. Whiteley was waiving her right to a jury trial. Her attorney did not before the bench trial began. In People v. Scott from 1999 from the Illinois Supreme Court, the court noted that it has never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed. And the defendant in that case actually signed a written jury waiver in his attorney's office prior to court that was filed outside of his presence. He came into court. The court announced it was proceeding with a bench trial. And then, ultimately, the appellate court held that the defendant's silence in that case did not constitute a waiver in open court. The defendant in that case, Scott, did not waive his right to a jury trial, even though he had previously signed a written jury waiver and the court announced the case was set for a bench trial and he did not object. In People v. Bracey from 2004, the Illinois Supreme Court held that since defense counsel made no statement in the defendant's presence indicating that the defendant was electing to give up his right to a trial by jury, the defendant's silent acquiescence was insufficient to support a finding of a valid jury waiver. So here... Now, can she waive the jury after the finding of guilt? No, Your Honor. And I'm getting right into that issue now. Our main argument in this case is that a jury waiver obtained after a finding of guilt is not a constitutionally valid waiver. The state has not identified any case where there was an oral jury waiver that was made after a finding of guilt and then was held to be constitutionally valid. Well, why can't it be constitutionally valid if it's knowing involuntary after the bench trial? Well, Your Honor, I would argue that it can't be knowing involuntary if it happens after the defendant has been found guilty already. Well, why not? Well, I think if we speak to this case, all of the factors here led Ms. Whiteley to believe that the waiver at that point was just a mere formality. Why do you say that? Sure. So in this case, it was actually trial counsel who brought up the fact of, oh, hey, wait, do we actually have a jury waiver on file after the trial court had found Ms. Whiteley And then trial counsel indicated that they thought that there had already been a written waiver maybe emailed into the court. And the court said that it thought a jury waiver had already been executed when the bench trial date was set over email. The court stated, I can look through and see if there was a waiver attached to that email, but it's simpler to just have Ms. Whiteley confirm it in court. So based on this record, it appears the trial court and trial counsel believed that there may have already been a written waiver executed. I understand the facts of the case, but we need to look at whether there was a knowing involuntary waiver of her rights.  Yes, Your Honor. Assuming for just a moment that she knew about her right to a trial by jury, which she had prior convictions, so she had a criminal history, right? She'd been admonished before. Why can't she make the knowing involuntary waiver after this bench trial? I think when we look to the case of People v. Elders from the First District, in that case, the defendant also had been previously admonished, also had prior convictions. So even if you know that you have a right to a jury trial, you might not know the precise moment that you are supposed to be demanding that right. You might not understand when that right has been waived. In People v. Elders, the First District stated that at the very least, the record must disclose some evidence of some discussion in the defendant's presence prior to being found guilty with respect to a jury waiver. And the court held that although ordering a new trial in the instant case may not be a matter of judicial economy, the trial court's error in failing to fulfill its duty to obtain a valid jury waiver in open court prior to trying the defendant or, at the least, prior to rendering a finding against him cannot be excused, and the appellate court ordered a new trial. There's also two other cases where the appellate court has seen this happen, and it has ordered a new trial, and that's People v. Collins from the First District in 1972 and People v. Ian from the Second District in 1994. Counsel, did either of those cases involve a stipulated bench trial? I don't believe so, Your Honor. And I think that the fact that this was a stipulated bench trial actually makes it even more important that there was no admonishments and there was no waiver made here. Well, on the contrary, it could make it the opposite, because it was clear that the defendant wanted to preserve this motion to suppress issue for review in the appellate court. That's why you have a stipulated bench trial, to preserve errors to argue on appeal, right? Often, yes, Your Honor. So can't you assume then she didn't want a jury trial? She wanted to appeal this motion to suppress, and the easiest, best, the only way to do it, the best way to do it is a stipulated bench trial. Otherwise, why even have one? I think when we look at a stipulated bench trial, very often if that stipulated bench trial is tantamount to a guilty plea, they even require guilty plea admonishments to be made. And the issue is not whether the defense counsel, the trial counsel, thought that that's what was happening. The issue is whether the defendant knew and understood that that is what was happening and that she was, in this case, waiving her right to a jury trial. And so I think the fact that it was a stipulated bench trial actually makes it even more, the admonishments were needed even more in that situation. And neither trial court nor defense counsel explained that the oral confirmation in open court is necessary for a valid jury waiver. They both apparently believed that the prior written jury waiver would have been sufficient if it had existed. And I'd also like to point out the fact, I discussed the fact that the state has argued that she silently waived her right to a jury trial at the beginning of the proceedings. And I already discussed how that is directly contradicted by the case law. But I think the fact the state has made that argument actually helps prove our ultimate point in this case. Because if the state can say that she waived her right to a jury trial at the beginning of the proceedings, they cannot then turn around and argue that she still should have known that she had still a right to demand a jury trial after the trial, after it had been completed, after she'd been found guilty. If the state can think that, if the trial court can think that, if defense counsel can think that, why is it unreasonable for a lay person not to understand what's going on and for a lay person to think, I've missed my chance at this point, I've been found guilty, I can no longer demand a jury trial here. When we look at the whole nature of the proceedings, I think that's what's important. And we ask respectfully that this court order a new trial. Thank you. All right, Ms. Winnell, you'll have a few minutes after the state makes their argument to rebut or reply. Mr. Wyckoff? Yes, Your Honor. Okay, you're representing the state? Yes, Your Honor. Correct. You're a 711 student? I am a 711 student, yes. I'm a third-year law student. Well, welcome. I admire your tenacity for coming into court. A lot of people don't want to do that. Thank you very much, Your Honor. I appreciate it. Well, welcome. You may proceed when you're ready. Thank you. Good morning, Your Honors, counsel, and may it please the court. My name is Shmuel Wyckoff. I'm a 711 licensed law student appearing under the supervision of Attorney Thomas Arado for the state. This court should affirm the judgment below because defendant cannot carry her burden to establish a clear or obvious error under plain error review. Taken together, the evidence in the record reflects that defendant acquiesced to her case proceeding as a bench trial and her post-verdict jury waiver confirmed her original intent to proceed with that bench trial. So turning to defendant's acquiescence, it is well established that a defendant speaks through her attorney and that her failure to object to the case proceeding as a bench trial constitutes a valid waiver. Now here, the defense attorney at trial acknowledged and confirmed that they were proceeding with a bench trial to preserve that issue of suppression and the other crimes evidence for appeal, as Your Honor pointed out. And the trial court's statement before the stipulated bench trial when it stated that defendant's case was set for a bench trial is important because that statement was made in isolation. Cases such as Elders, People v. George, and then the Asselborn case cited and discussed by Elders teach that when a trial court's statement about a bench trial are made regarding to scheduling or other matters, that's not going to be enough for a valid acquiescence. But when a trial court makes a statement in isolation about the type of trial, then that sufficiently puts the defendant on notice that they must object or acquiesce to that bench trial. Now on reply in today, defendant points to the Supreme Court's language in People v. Scott saying that they have never found a valid jury waiver where the defendant was not present in open court when a jury waiver written or otherwise was at least discussed. But the Supreme Court in Frey, before the Scott opinion, cited a line of precedent from its previous opinions where the defendants had not been advised of their jury trial rights in open court, and nevertheless, the court found a valid waiver. That's People v. Saylor and People v. Murrell. That's in the Frey opinion. So what's more, Scott was a limited holding that established that a written waiver by itself is not sufficient. Our Supreme Court has never established a precise formula for a trial court to inform a defendant of her jury trial rights. People v. George cited in our brief at page four is instructive on this issue. There, the defendant's counsel only made a somewhat equivocal indication during pretrial proceedings that his clients would proceed with a bench trial. And right before trial began, the trial court indicated the defense case was proceeding as a bench trial. The word waiver was never said by defendant, counsel, or the trial court. Citing Frey, the appellate court held the defendant had validly waived his right to a jury by acquiescence. So the point here is that there are no magic words. As long as the record reflects an indication the defendant was informed of their right in open court between a jury or bench, acquiescence will constitute a valid waiver. Counsel, what in this record supports the argument that the defendant here even knew the difference between a bench trial and a jury trial? How do we assume that? Certainly, Your Honor. So first of all, at her arraignment, defendant was advised that she could choose between a jury and a bench. Again, this was a stipulated bench trial where it was assured that there would be a guilty verdict. It would be absolute legal malpractice for the assistant public defender to proceed with a stipulated bench trial without consulting her client first. And there's certainly no claim here about counsel's ineffectiveness or anything like that. And then, again, in the record as well, in the impounding common law record, it's clear that defendant has multiple prior convictions. And this court is entitled to presume, based on cases from the Supreme Court and the multiple appellate districts, that a defendant's criminal history goes directly to their knowledge about the difference between a jury and a bench trial. And I think it's also important here that the written waiver was executed before the bench trial. You said the written waiver was executed before the bench trial? Yes, Your Honor. It appears that way from the record. In the record, the defense counsel brings up the jury waiver issue, and the trial court says, you know, that he could check the emails, and the trial court, I mean, the record at page 144, the trial court says, I should have checked that before we started, and then immediately the defense counsel says, approaching with the jury waiver. There was no pause in the proceedings. There was nothing like the trial court saying to the defense counsel, okay, why don't you go ahead and explain that written waiver to your client, have her sign it. There was nothing like that. It was just immediate approaching with the jury waiver. I think it's more than reasonable to infer that this waiver was signed before the trial. Well, that would eliminate the need for this appeal, wouldn't it? I mean, if you were right, why would we have this appeal? If we have a written jury waiver. I don't see a written jury waiver in the record. Well, in fairness to the defendant, People v. Scott says that a written waiver by itself is not enough. And then this jury waiver is in the common law record. I believe at page 118, it is signed by the defendant. And do we know when it was signed? It was signed on the day of trial. I know, but was it before or after the verdict? Your Honor, I think given the way the record is framed at the verdict, defense counsel immediately approaches with the waiver. There's no off-the-record discussion or pause in proceedings for a defendant to sign that waiver, which is entirely different than elders relied on by a defendant here. Okay, I'm not sure I understand your argument here. You're saying that the written waiver, this whole concept of there's no pause in the proceedings, what do you mean by that? Why is that significant? I think it's significant because if the defendant had signed it after the verdict, then there would be something like the trial court telling defense counsel to have her client sign the written waiver. The trial court announces the verdict, and then immediately after that, defense counsel approaches with the waiver. There is no point in the record where the defendant is signing the waiver. So I think a reasonable inference from that is that this waiver must have been signed before the trial, and again, in this case, it's defendant's burden to establish clear, obvious error. This asserted error was not preserved below. It's defendant's burden to establish a clear, obvious error. So for the purposes of the record, I'm looking at page 118 for the waiver, not 119. But okay, I understand your argument. I'm not sure the report of proceedings is as clear as you want to make it out to be, but okay. What else do you have to argue, Mr. Wyckoff? Seeing that my time is almost up, I'll just say alternatively, if this court declines to decide the case on acquiescence, then you're essentially going to have to write a rule either way. A defendant is asking you for a per se rigid rule that says that no post verdict jury waiver can be valid. The state, on the other hand, is asking you for a rule that says that if a defendant's jury waiver post verdict can truthfully reveal her original intent to proceed with the bench trial, then that should be valid. And this notion that people versus elders establish such a per se rule just does not hold water. A close reading of elders shows that in elders, there was never any mention in open court that a defendant had a right to choose between a jury and a bench. After the finding of guilt, the trial court didn't even address the defendant, as well as when the trial began, the trial court did not announce this is a bench trial, this is a jury trial. The state just began to present evidence. The elders courts survey of Illinois case law, it cited people versus A.N. Williamson, people versus Roberts. Those are all acquiescence cases. Now, defendant on reply argues that the state hasn't cited any case in which a post verdict waiver was found valid. But one, it's not the state's burden in this case. It's defendant's burden to establish clear, obvious error. Number two, as the elders court acknowledged, there had never been before elders a case in which a jury waiver was executed post verdict. Let me ask you one more question. When you have a stipulated bench trial, do you know what the law is on waiver of constitutional rights, whether the stipulation itself affects that issue? Is your honor asking about admonishments for a guilty plea or? No, I'm asking, well, I'm asking, does the stipulation for a bench trial, in order to preserve this motion as justice McKinney was describing it, does that in and of itself cause a waiver of constitutional rights that you know of? I mean, it. Is there any case law that you've come across that says that? I mean, a. A waiver of a waiver of a jury trial will waive all constitutional rights associated with a trial such as right to. Well, I guess because it's stipulated, she's waiving her right to confront witnesses and rights like that. That that point was not raised in the briefing. It's not before the court. And then just as to the admonishments, if this court is going to treat this stipulated bench trial as a guilty plea, essentially, then this court should hold that all these claims are waived and not reviewable at all. Under the Supreme Court's recent decision decision and people versus Ratliff. May I conclude your honor? Yes, please conclude because your time is expired. I, in some decades of precedent, stand for the proposition that a defendant who knows about her jury rights, cannot proceed with a bench trial and then seek to reverse the outcome on when she is dissatisfied with the result. And we take it that defendants proposed disposition of this appeal is in deep tension with that canonical principle. So we therefore ask you respectfully to affirm the judgment below. Thank you. Thank you, Mr. Wyckoff. Ms. Why now do you have some reply? Yes, your honor. I would first like to note that fray from the Illinois Supreme court. In that case, that was a case where the defendant's attorney repeatedly informed the court. The defendant had waived a jury trial and the Illinois Supreme court said that was enough for the defendant to have acquiesced when the attorney is repeatedly saying that. And fray has also been, I think since clarified by both Scott and Bracey briefly on the, on the written waiver. We don't know when the written, the written waiver was executed. I think that the record supports an indication that defense counsel handed that waiver to Ms.  and then she signed it right there in court without having any time to think about it whatsoever. And even if it was executed prior to the bench trial, the Illinois Supreme court has made it very clear in Scott that a written jury waiver executed prior to a bench trial is not going to be valid. The state has, has talked about the fact that this, this could be absolute malpractice or an effective assistance of counsel for a defense counsel to proceed with a stipulated bench trial when, without making sure that that's what the defendant wants. And I would argue that that absolutely happens. And we have these constitutional rights and we have these admonishments for a  And that is to make absolutely sure that the defense counsel has the right to make sure that the defendants in these cases understand these super important rights that they're giving up. I would also say that we don't, I'm not asking the court to write a new rule in this case because we already have one that exists from elders. The elders court was very, very explicit when it held that there must be a new trial ordered, even though it was not a matter of digital economy, because the error in the crowd courts error in failing to fulfill its duty to obtain a valid jury waiver prior to rendering a finding against the defendant could not be excused. So there's no new rule. It has to be made here. I think elders has, has given that very clearly and very explicitly. The elders case considered whether or not the defendant had solemnly acquiesced and then also considered whether or not there could be this, a jury waiver this late in the game. And it evaluated a bunch of different cases about timing and came to the conclusion that there had not been any cases where there was a valid jury waiver that was made after a finding of guilt. And there are actually two other cases where a jury waiver was made after finding of guilt and the appellate court said, we're ordering a new trial. And then with respect to Justice Cates, your question about guilty plea admonishments and stipulated bench trials. I don't think that this, this, this is precisely exactly the requirements here, but when a stipulated bench trial is tantamount to a guilty plea, then guilty plea admonishments are also required in addition to the jury waiver requirements, the jury waiver admonishments. And there are several different cases where courts on the Illinois Supreme Court or appellate courts have overturned these and said, you needed to have guilty plea admonishments because this is a stipulated bench trial that was tantamount to a guilty plea. And I don't think that those cases are precisely on point, but I think that that goes to show that when you have a stipulated bench trial, even if it's clear that the attorney knows what's going on, this is a very significant decision that has to be made. And we have to be sure that it's being made by the person whose life it's going to affect. I think that this court should. Do you think one of the distinctions in this case is that the finding of guilt had been made or does it really matter? Yes, Your Honor. I think that this and there's some other cases like Lombardi where they realized that there was not a jury waiver made before the trial had actually completely ended and before there was a finding of guilt. And in that case, the judge was very clear. The judge said, I will declare a mistrial. I will give you a jury trial. I'm going to give you a day to think about it. I mean, you can still put on evidence of this bench trial. We're really thinking about this. I will make sure that you get a jury trial if that's what you want. And in that case, the defendant said, no, it's OK. I'll I'll waive my right to a jury trial. And then only after that, if I may finish answering your question. Yes, ma'am. Thank you. Only after that was there a finding of guilt. And so I think the elders case from the first district has done a very thorough job of analyzing all of these different cases. And I think that the key factor here really is the timing and the fact that this jury waiver was made after the finding of guilt. And the Illinois Supreme Court and this court have also previously held that the lack of a valid jury waiver constitutes plain error. So since Ms. Whiteley's constitutional rights were violated, we respectfully ask this court to order a new trial. Thank you. And just for the record, you're asking for plain error review. Is that right? Yes, your honor. We're asking for plain error review. And and. This court in people versus Scott, which was approved by the Illinois Supreme Court and then the Illinois Supreme Court in. In several other cases, I believe, has held that it's under the second prong plain error. This error is so serious that it affected the fairness of the trial and challenged the integrity of the judicial process applies regardless of the closeness of the evidence and that when there is a there's not a valid jury waiver that does constitute plain error and this court can review it. So, yes, that's that's how we ask for it to be reviewed. OK, thank you for your arguments. May I ask a quick question? Yes, sir. Please. I'm sorry. That's all right. I apologize. Justice Hackett, I should have asked that. That's all right. Attorney Winell, just briefly. Maybe I misapprehend the thrust part of your argument, but you cite, I think favorably, you cite in your brief, the Lombardi case and you seem it struck me as you were saying that the punishment was the critical issue from the Lombardi case. You seem to be suggesting that because that was done in a manner that allowed the defendant to evaluate the circumstances and understand that the judgment of the court would be set aside completely. Thank you for your question. So in Lombardi, they realized that there was no valid jury waiver before there was any decision made. There was no finding of guilty or not guilty. So the jury waiver was made. And there have been other cases where if they're sort of in the middle of the. We understand that what I'm saying is I thought that what you were suggesting there was if this court had given a better admonishment at the time, that the question of the formal waiver had been brought up, that it may have been sufficient under the circumstances. No, your honor, just that the Lombardi, the Lombardi case is very distinct because it happened prior to the finding of guilt and that allowed these extra admonishments to make it effectual, to make it a knowing involuntary waiver, because there was a real possibility that the judge was saying there, you know, I haven't found you guilty. There could be a mistrial. I'll give you a jury trial. And that's how I would distinguish that case. And so that's a situation where there could be a knowing involuntary waiver, but not in this situation where there was no explanation of how there could be any sort of remedy in this case. And there was no way for a lay person to understand that there could potentially be a remedy. It seems like it's unclear what the remedy would even have been. Well, the remedy might be as they did the Lombardi case to say, you understand that this would be set aside if you choose, we'd start over. Your honor, I think, I'm not sure that the court needs to reach that, that question. I think the elders has been clear on the, on the timing. And I think it's unclear that a defendant would really believe that in that after saying, I'm finding you guilty, entering a finding of guilt on the record. Quick question, if you don't mind, I know we're going a little bit long here. I don't recall in your brief, I don't recall much, if anything in attorney Wyckoff's brief, that there was a clarification of whether this waiver had been executed by the defendant immediately prior to when it was given to the court or sometime prior to the trial. Go ahead. Thank you, your honor. I think that the record, the record just says has the defense council saying, Oh, Hey, I think we forgot to do this. And then, you know, or maybe we forgot to do this. I'm not sure. The trial court saying that he's not sure either. And then the defense council brings up a signed jury waiver. There's never, there's never anything said on the record about when Ms. Whiteley signed this, this waiver. I think that the state is arguing that the fact that it happened so quickly is evidence that she had signed it previously. But I don't think that's the conclusion that we can draw from the record that she didn't just sign it right there at the moment. And even if she had signed it previously, I think Scott makes it clear that that doesn't matter. Thank you very much. Well, let me follow up on that if I could. So if it was signed before, well, not even if, let me ask you this, it is the defendant's burden to show whether or not this was signed before or contemporaneously with the finding of guilt or even after, would you agree with that? That is the, your burden. Yes, your honor. I think the record indicates that it was signed in the moment. But, but either way, I think that people versus Scott is very clear that it has to be, you know, even if the attorney has sat down with the client and explained what the jury waiver situation is and have the client sign that out of court, that doesn't matter. And that's not a valid jury waiver. It has to be made in open court for it to be a knowing and understanding admonishment. And I think we can't necessarily rely. The reason we have those admonishments is because we can't necessarily rely on there being a thorough explanation. And I think actually the fact that there wasn't a break taken to show that there was time for a defense counsel to explain what was going on to Miss Whiteley is further indication that she may not have understood at all what was happening at this point. Okay. Justice Hackett, any other questions? Okay. Your, your video. Okay. And Justice McKinney? No, thank you. No, thank you. And I apologize to my colleagues for not asking about that earlier. All right. Thank you for your arguments here today. This is a very interesting case, obviously for the court, very serious. We're going to take the matter under advisement and we will issue an order in due course. Thank you both. Have a great day.